IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
v.                                 )          CRIMINAL NO. 04-00060-CG
                                   )          (Civil Action No. 08-00621-CG-N)
AARON MICHAEL MEADOWS,             )
                                   )
          Defendant.               )

REPORT AND RECOMMENDATION

This action is before the Court on a motion (Docs. 46-47) filed by Aaron Michael

Meadows, the defendant herein, to vacate, set aside or correct his sentence pursuant to 28 U.S.C.

§ 2255, and the motion (Doc. 49) filed by the United States to dismiss defendant's motion as

untimely.  These motions were referred to the undersigned for report and recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules Governing Section 2255

Proceedings.  The record is sufficient to determine the issues and, therefore, no evidentiary

hearing is required.  Anderson v. United States, 948 F.2d 704, 706 (11th Cir. 1991)(In a section

2255 proceeding, the district court must accord the movant an evidentiary hearing " '[u]nless the

motion and the files and records of the case conclusively show that the prisoner is entitled to no

relief.' ").  It is the recommendation of the undersigned that the United States's motion to

dismiss be granted and that the § 2255 motion be denied as time barred pursuant to 28 U.S.C. §

2255(f).

I.     STATEMENT OF THE CASE

On May 5, 2004, the defendant, Aaron Michael Meadows, appeared with counsel and

entered a guilty plea as to Counts 1, 2 and 3 of an Information charging him with drug-related

offenses involving Methylenedioxymethamphetamine (MDMA), commonly known as Ecstasy, and a related firearm offense.  *See* Docs. 23, 26, 27 and 29.  On August 9, 2005, the Court sentenced Meadows to 108 months in prison as to the drug counts and to a consecutive term of 60 months as to the firearm count, for a total of 168 months. *See*, Doc. 45 (docketed August 17, 2005).  A three-year supervised release term was also imposed.  *Id*.  Meadows did not appeal. Consequently, Meadows' conviction became final on August 28, 2005.  *See*, <u>Rivers v. United States</u>, 416 F.3d 1319, 1321 (11th Cir. 2005)(conviction held to have become final ten days following the entry of judgment when defendant did not pursue a direct appeal).  Thus Meadows had until August 29, 2006, in which to file a timely petition.

On October 20, 2008, over three years later, Meadows signed, dated and presumably filed the present motion and accompanying memorandum (Docs. 46 and 47).  The United States argues that Meadows' § 2255 motion is due to be dismissed as untimely because it was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2255(f) and Meadows has established no basis for equitable tolling.  Meadows has now responded (Doc. 50) to the United States' motion to dismiss.

## II.    CONCLUSIONS OF LAW

The one-year statute of limitations applicable in this case is contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*).  The specific provision states as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).   The AEDPA became effective on April 24, 1996.  Goodman v. United States, 151 F.3d 1335, 1336 (11th Cir. 1998).

Defendant Meadows did not appeal.  Accordingly, his conviction became final on August 28, 2005, ten days after entry of the judgment on August 17, 2005.  Maderos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000)(held in a § 2255 case where no appeal was filed that judgment became final "ten days after it was entered," citing Fed.R.App.P. 4(b)(1)).  Meadows' § 2255 motion (Docs. 46-47) was signed on October 10, 2008 and actually filed, according to the Court's record, on October 22, 2008.  Meadows' § 2255 motion was, therefore, filed over two years beyond the limitations period set forth in § 2255(f) and is untimely unless petitioner can show that the one year limitations period should be equitably tolled.

Equitable tolling "is an extraordinary remedy that is typically applied sparingly" and is applied only where the defendant establishes that his § 2255 motion was untimely "because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence."  Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004)(emphasis in original)(internal quotation marks omitted)(citations omitted); Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003)(citations omitted).  "The burden of establishing entitlement to this extraordinary

remedy plainly rests with the petitioner."   *Id*.

> A determination as to whether rare and exceptional circumstances are
> presented requires the examination of the facts in each case.  Knight v.
> Schofield, 292 F.3d 709, 711 (11th Cir. 2002)(per curiam).  The focus of
> the inquiry regarding "extraordinary circumstances" is "on the
> circumstances surrounding the late filing of the habeas petition" and not
> on the circumstances of the underlying conviction, Helton v. Secretary for
> the Dep't of Corr., 259 F.3d 1310, 1314-15 (11th Cir. 2001)(per curiam),
> and whether the conduct of others prevented the petitioner from timely
> filing. Lawrence, 421 F.3d at 1226.

Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006).  Equitable tolling "may be applied if the

petitioner demonstrates (1) diligence in his efforts to timely file a habeas petition and (2)

extraordinary and unavoidable circumstances."  *Id.*, *citing* Sandvik v. United States, 177 F.3d

1269, 1271 (11th Cir.1999) (per curiam). "A petitioner is not entitled to equitable tolling based

on a showing of either extraordinary circumstances or diligence alone; the petitioner must

establish both."  *Id.*, *citing* Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 1815, 161

L.Ed.2d 669 (2005); Justice v. United States, 6 F.3d 1474, 1478-79 (11th Cir.1993).

Meadows does not contend that he had been prevented from making his § 2255 motion

by any impediment imposed by the government.  Nor does Meadows contend that his present

motion is predicated upon either some right newly recognized by the Supreme Court or on some

newly discovered fact which he could not have discovered prior to the running of the limitations

period.  In addition, Meadows has failed, even in his response to the government's motion to

dismiss, to make any showing of the existence of grounds for equitably tolling the AEDPA

limitations period in his case.  Specifically, Meadows has neither alleged the existence of

extraordinary circumstances nor demonstrated diligence in his efforts to timely file his § 2255

motion.[1]   Arthur, 452 F.3d at 1253, *citing* Pace,125 S.Ct. at 1815; Justice, 6 F.3d at 1478-79.

He has thus failed to show that the delay in filing his § 2255 motion was the result of

extraordinary circumstances that were beyond his control even with the exercise of due

diligence.  *Id*. Consequently, his § 2255 motion is due to be denied as untimely filed.  Close v.

United States, 336 F.3d 1283 (11th Cir. 2008)(district court properly dismissed untimely petition

under § 2255).

CONCLUSION

Defendant Meadows has failed to show any legal ground to excuse the untimeliness of

his § 2255 motion.  He has failed to establish equitable tolling of the AEDPA limitations period

or actual innocence.[2]  For the reasons stated herein, it is recommended that  the motion to

---

[1]The only evidence proffered by Meadows concerns his claim that he was denied his right
to appeal and consists of: (1)  a letter he wrote to his counsel dated October 14, 2008 (Doc. 50 at
Exh. A) challenging the opinion his counsel allegedly gave him following his sentencing on
August 9, 2005 that he "had no genuine issues to base a successful appeal on"; and (2) his
counsel's letter in response dated November 4, 2008 (Doc. 50 at Exh. B).  Neither document
constitutes evidence that Meadows was in any way prevented from timely filing his § 2255
motion.  Counsel's letter of November 4, 2008 was in fact written after Meadows filed his  §
2255 motion.  Nor does either letter show the existence of any extraordinary circumstances
justifying equitable tolling of the § 2255 limitation period.  Meadows' letter merely states his
own opinion that he should not have pleaded guilty to the "924(c)  gun charge" despite the fact
that his co-defendant had possessed the gun while conducted a drug crime using Meadows' car
because "[a] conviction under 924(c) required me to have some knowledge of the firearm and
there is some nexus between the gun and drug trafficking offense."  (Doc. 50 at Exh. A.)  No
evidence has been proffered to support Meadows' contention that he was innocent of the gun
charge despite his guilty plea.

[2]To the extent Meadows attempts to raise a claim of actual innocence to the § 924(c) gun
charge, he has failed to make a sufficient showing of actual innocence.  *See*, Taylor v. Secretary,
Dep't of Corr. 230 Fed. Appx. 944, 945 (11th Cir. 2007)("[W]e have never held that there is an
"actual innocence" exception to the AEDPA's one-year statute of limitations, and we decline to
do so in the instant case because Taylor has failed to make a substantial showing of actual
innocence.").

dismiss (Doc. 49) filed by the United States be **GRANTED** and that the motion (Docs. 46-47) filed by the defendant, Aaron Michael Meadows, to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 be **DENIED** as time barred.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**Done** this 1st day of July, 2009.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

2.

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

3.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this 1st day of July, 2009.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE